**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

POLLY ANN ALLEN, d/b/a Allens Tax
Service,
Defendant-Appellant.

No. 95-5882

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-95-380)

Submitted: July 23, 1996

Decided: August 12, 1996

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon Dwight Long, FEDERAL PUBLIC DEFENDER'S
OFFICE, Columbia, South Carolina, for Appellant. William Earl
Day, II, Assistant United States Attorney, Florence, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Polly Ann Allen and her husband ran a tax service for several years. Both were charged in a thirty-one count indictment with conspiracy and aiding in the preparation of false and fraudulent tax returns. In 1995, Allen pled guilty pursuant to a plea agreement to two counts of false and fraudulent preparation, in violation of 26 U.S.C.A. § 7206(2) (West 1989). The district court sentenced her to twenty-four months imprisonment followed by one year of supervised release. She now appeals.

Allen's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that, in his view, no meritorious issues exist for appeal. Allen was notified of her right to file a supplemental brief and raise additional issues, but she has not done so. After a complete and independent review of the record, we affirm Allen's conviction and sentence.

Counsel first raises the issue of the district court's compliance with Fed. R. Crim. P. 11 in conducting the plea proceeding. Our review of the transcript convinces us that the district court conducted a clear and thorough hearing, insuring that Allen understood her rights, the rights she would forego by pleading guilty, the elements of the charge against her, the penalties she faced, the impact of the sentencing guidelines, and the effect of the plea agreement. The court talked to Allen to determine that her plea was voluntary and based on discussions with her attorney. The court heard a factual basis for the crimes. Thus, the district court complied fully with the requirements of Rule 11, and this claim is without merit.

Allen challenges the district court's refusal to make a downward departure from the sentence computed under the guidelines, because she has two young children and her parents are infirm. Where, as

2

here, the district court recognizes its power to depart downward because of family responsibilities under U.S.S.G.§ 5H1.6, its decision declining to do so is not reviewable. United States v. Weddle, 30 F.3d 532, 540-41 (4th Cir. 1994). This claim entitles Allen to no relief.

This court requires that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We affirm Allen's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3